UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.   4:18 CR 00106 AGF |
| | ) |
| RODNEY LIMPIPHIPHATN, | ) |
| | ) |
| Defendant. | ) |

**<u>UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM</u>**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Tiffany G. Becker, Assistant United States Attorney for said District, and files its response to defendant's Sentencing Memorandum, states the following:

On August 31, 2018, defendant pleaded guilty to Counts I and II of the Indictment, charging him with receipt and possession of child pornography, respectively.   The parties agreed that the total offense level was 32 and the determination of defendant's criminal category shall be left to the Court.   The parties further agreed that a four-level downward variance was appropriate. In light of the United States' agreement to the variance, "neither party shall request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed" therein.   As defendant Limpiphiphatn is in criminal history category I, the guideline imprisonment range for total offense level of 32 is 121-151 months; however, in

1

light of the parties' agreement to a four-level downward variance, the parties recommend defendant be sentenced within the range of imprisonment of 78 to 97 months.   PSR at ¶¶ 75-76. Defendant has requested that the Court sentence him to no more than 78 months.   The 78 months is within the range agreed to by the parties as contained in the plea agreement. The United States urges the Court to exercise its discretion to sentence defendant within the 78-97 month range; however, believes a sentence of more than 78 months more appropriately addresses the statutory goals of sentencing.

In *United States v Haack*, 403 F.3d 997 (8th Cir. 2005), the Eighth Circuit described the process the district court should follow in determining a sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005).   The Court should first determine the guideline range based upon all enhancements and the defendant's criminal history.   Second, the Court should determine if any guideline departures apply.   Finally, the Court should determine if the guideline range is reasonable considering all factors listed in Title 18, United States Code, Section 3553(a). *Haack*, 403 F.3d at 1002-1003.

Section 3553(a) lists the following relevant factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed --
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentences and the sentencing range established for –
   (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines . . .
5) any pertinent policy statement –

>     (A) issued by the Sentencing Commission . . .
> 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The application of these factors in this case supports a sentence closer to the top of the 78 to 97 month range**.**

   I.   **The Nature and Circumstances of the Offense**

Despite Limpiphiphatn's efforts to minimize his conduct in his sentencing memorandum, the nature of the offense here is extremely serious, and the circumstances of the offense particularly troubling. Limpiphiphatn pled guilty to offenses involving images of prepubescent children engaged in sex with adults, other children, animals or all three. He possessed these materials on a peer-to-peer network making them available for download by others. Additionally, Limpiphiphatn created video images of unsuspecting minor females in public and at his place of employment "for sport" to masturbate to later.

Between June 18 and June 21, 2016, during an undercover investigation, a St. Louis County police sergeant identified a computer that possessed and distributed child pornography on the Bit Torrent Peer-to-Peer program. The sergeant successfully downloaded, partially or in full, 19 of the 65 files containing child pornography being offered for sharing. Investigators learned the Internet Protocol (IP) address used by the computer was assigned to defendant Limpiphiphatn at 10110 Conway Road, St. Louis, Missouri. On July 7, 2016, police executed a search warrant at the residence where they seized an Acer Aspire One laptop and a Western Digital hard drive, as well as various other computers, computer media, and electronic devices.

Defendant admitted downloading pornography for approximately four years. He further admitted masturbating to the images. He used his laptop to download the material using uTorrent

3

after having searched for material using terms such as "Mr. Vine" (a/k/a/ Mrvine the jailbait site), "vipergirls," and "pthc" (pre-teen hard-core). Limpiphiphatn stored some of the images on an external hard drive and told officers where to locate that drive. Some of the images involved children as young as eight years old.

Far from just an anonymous private obsession over the internet, Limpiphiphatn admitted knowing others could download the images from him (as the undercover police sergeant successfully did) because he had the materials on a Peer-to-Peer network. Extremely troubling was the fact that Limpiphiphatn admitted he possessed video files on his electronics that he created himself, filming unsuspecting underage girls in public places or at his place of employment. Specifically, he admitted videotaping his co-worker's minor daughter "for sport" to masturbate to later. Additionally, Limpiphiphatn videotaped underage, minor females at locations like public pools where the children were wearing bathing suits and he zoomed the camera in on them below the waist.

All told, the devices seized from defendant's home revealed approximately 2,843 images and 285 videos depicting minors engaged with an adult, other children or animals or all three in various sexual acts. Some of the minors depicted were prepubescent or under the age of 12. Defendant urges the court to focus on the content of the collection. Contrary to defendant's representation that he did not have images "depicting violence" or "humiliation," (*see* Sentencing Memo, p. 9), he possessed 92 child pornography images of children engaged in bondage. It is difficult to conceptualize how children bound and engaging in sexual activity, or children having sex with animals is not humiliating and violent.

4

Also located on the defendant's devices were 448 images and 20 videos depicting child erotica, 42 of adult bondage, one of bestiality, and 43 random and/or candid videos which all appeared to be taken of unsuspecting people from behind with the majority of the focus on their posteriors. Of these, three videos appeared to be from a public pool with the focus on unsuspecting females. Among the random videos, the examiner also located 28 videos that appeared to have been taken by Limpiphiphatn and were assigned file names such as: PTDC5188 walmart.AVI; desperes20140621.mp4; Oberweis girls 20130923.mp4; ladue pool.wmv; and target bait 20141113.wmv. The majority of the videos were of young women and children from the rear and from the waist down. Another video taken by defendant depicts him showing an apartment to an unknown female clearly not aware of being filmed by defendant. This conduct is predatory, but at a minimum is exploitative of children and women in the community.

Defendant's representation to the court that he did not "categorize or organize his files" like "more devoted offenders" (*see* Sentencing Memo at 9) is belied by the record. As noted above, the files he used as child erotica were named and labeled by him in very descriptive terms. Moreover, he did not just maintain child pornography image and video files on his computers, but also went the extra step of preserving some to an external hard drive. This contradicts defendant's statement that he did not "so much as copy them to a backup or flash drive." *See* Sentencing Memo at 9.

II.     **History and Characteristics of the Defendant**

Defendant has filed a sentencing memorandum that describes his background, which is also set forth in the PSR. The parties took these circumstances into account when arriving at the recommendation for a four-level downward variance.

5

### III. Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

The trafficking in images of the sexual abuse of children is a serious offense and the guidelines reflect the seriousness of the crime. Too often child pornography is considered to be "just pictures" without the recognition that they are images of children being sexually abused and those images are then trafficked around the world on the internet.   Even when the perpetrator of the original abuse is imprisoned, the images of the child's sexual abuse continue to be traded. The child's abuse never ends because the images of the abuse are present in hundreds of locations. Here, defendant's crime was not limited to pictures and videos on the internet. Instead, defendant filmed unknowing minor females in public places like swimming pools and stores—all for his sexual edification. Defendant actively videotaped girls without their consent, focused on them from the waist down and masturbated to it. Not all of them were strangers to him. As noted in the PSR, one of the videos was taken of his co-worker's minor daughter. Another video was of a woman to whom he was showing a property. This behavior is more than a red flag. Defendant victimized, exploited and preyed upon people in his community for sexual gratification.

### IV. To Afford Adequate Deterrence to Criminal Conduct and To Protect the Public from Further Crimes of the Defendant

Stiff sentences are necessary to reduce or eliminate the market for child pornography and to protect children from becoming victims to feed that market.   The number of child pornography cases has skyrocketed and prison sentences are necessary to deter the collection and trade of child pornography. Specifically, there is a need to deter the type of conduct involved here, which creates a demand for images of children engaged with adults, other children and animals – or all three. Limpiphiphatn's behavior of downloading and sharing a high volume of child

6

pornography as well as filming unknowing minor females and masturbating to them demonstrates a willingness to actively download and select and film minors for his sexual gratification. Just as defendant claims his adult pornography addiction ultimately led him to download child pornography, defendant's behavior involving community members could have led down an even darker path.

V. **Avoid Unwarranted Sentence Disparities among Defendants**

Section 3553(a) also directs courts to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct have been more harshly. The Section 3553(a) factors support a sentence within the guideline range of 78 to 97 months.

VI. **Impact of the Plea Agreement**

In fashioning a sentence, the Court should consider the significant impact of the plea agreement in this case.  Due to defendant's efforts to get private counseling and assistance, the United States agreed to a four-level downward departure, negating the increase in the offense level for sadistic and masochistic conduct depictions which clearly applies in this case. Moreover, the United States did not pursue a higher increase in the offense level related to distribution/sharing of images, which defendant was aware he knew was possible. Under those circumstances, defendant could have been facing an additional increase in the offense level, resulting in a recommended guideline range of 151-188, or even higher.

In exchange for the concessions by the United States, defendant agreed he would not seek a sentence below the guideline range. As noted above, the circumstances of the offense more appropriately weigh in favor of a sentence at the high end of that range.

7

## VII. Conditions of Supervised Release

The PSR correctly recommends various special conditions of supervised release, which are: (1) reasonably related to the factors in 18 U.S.C. § 3553(a); (2) involve no greater deprivation of liberty than is reasonably necessary to further those factors; (3) are consistent with the policy statements of the Commission; and (4) and are specifically tailored to protect the public and encourage defendant's success.

The computer access and use restriction is entirely appropriate here. Limpiphiphatn downloaded peer-to-peer software, repeatedly over the course of four years downloaded child pornography, and knowingly left that child pornography where others could (and did) download it from him (as evidenced by the undercover operation here). Equally troubling is defendant's use of electronic devices to film underage girls, zooming in on their posteriors, naming the video and image files and cataloguing the files to watch later for his own sexual edification. In addition to restricting defendant from engaging in peer-to-peer downloading, viewing or sharing of child pornography, the proposed condition will assist the Probation Office in helping to prohibit defendant from creating and storing of files like PTDC5188 walmart.AVI; desperes20140621.mp4; Oberweis girls 20130923.mp4; ladue pool.wmv; and target bait 20141113.wmv.

Additionally, the proposed special condition prohibiting direct contact with any child under the age of 18 without the permission of the probation is similarly supported here. Defendant seeks an exception allowing him unsupervised contact with his minor nieces. The behavior Limpiphiphatn engaged in during the course of this offense including masturbating to child pornography and self-created child erotica, more than justifies the imposition of this wise

8

condition. If the parents of defendant's minor nieces are willing to consent to contact and are willing to be present during that contact, the United States Probation Office will consider those factors in evaluating the requests for contact. This regulation over contact with minors is not overly burdensome and will protect any minor child from being victimized.

**VIII. Restitution**

On September 7, 2018, the United States filed a sealed document related to restitution. Doc. 39. That document contains substantiation for the Court ordering $10,000 in restitution.

**IX.   Conclusion**

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court honor the parties' plea agreement and sentence defendant within the recommended guideline range of 78-97 months. In exercising its discretion, the Court should sentence defendant closer to the top of that range in light of the aggravating factors involved here, which include defendant filming underage girls in the community, zooming in on their posteriors, and masturbating to them.

                                            Respectfully submitted,

                                            JEFFREY B. JENSEN
                                            United States Attorney

                                            *s/ Tiffany G. Becker*
                                            TIFFANY G. BECKER, #46314 MO
                                            Assistant United States Attorney
                                            111 S. 10th Street, Room 20.333
                                            St. Louis, Missouri 63l02
                                            (314) 539-2200

## CERTIFICATE OF SERVICE

    I hereby certify that on April 1, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on defendant's attorney, Adam Fein.

                                          *s/ Tiffany G. Becker*
                                          TIFFANY G. BECKER, #46314 MO
                                          Assistant United States Attorney